# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| GLOBAL ETICKET EXCHANGE LTD,<br><br>*Plaintiff*,<br><br>v.<br><br>TICKETMASTER L.L.C., and<br>LIVE NATION WORLDWIDE, INC.,<br><br>*Defendants*. | Civil Action No. 6:21-cv-00399-ADA<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED<br><br>PUBLIC VERSION |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

**TABLE OF CONTENTS**

I. RESPONSES TO PLAINTIFF'S OBJECTIONS TO THE R&R ...................................... 1

    A. The Magistrate Judge Correctly Ruled That Defendants' Motion for Partial Summary Judgment No Willful Infringement Should Be Granted (Dkt. 80) .......... 1

    B. The Magistrate Judge Correctly Recommended That Dr. Rubin's Opinions Should Not Be Excluded (Dkt. 81) ............................................................................. 6

II. CONCLUSION ........................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prod., Inc.*,
   No. 0:14-cv-62369-BB, 2016 WL 3948052 (S.D. Fla. May 31, 2016) .................................. 4, 5

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) .......................................................................................................... 1, 6, 7

*FireBlok IP Holdings, LLC v. Hilti, Inc.*,
   No. 2:19-cv-00023-RWS-RSP, 2020 WL 948022 (E.D. Tex. Feb. 27, 2020) .................. 3, 4, 6

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ..................................................................................................................... 2

*SCVNGR, Inc. v. DailyGobble, Inc.*,
   No. 6:15cv493, 2018 WL 6589925 (E.D. Tex. Dec. 12, 2018) ................................................ 3

**Other Authorities**

Fed. R. Civ. P. 72(b)(2) ................................................................................................................... 1

██████████████████████████████████████

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Defendants respond to Plaintiff's objections to the Magistrate Judge's Report and Recommendations ("R&R") as filed on March 28, 2023. (Dkt. 167, hereinafter "GEE Objs.")[1] The Magistrate held a pretrial hearing on March 13, 2023, and issued his R&R in a written order on March 15, 2023. (Dkt. 161.) The R&R recommended that the Court grant Defendants' Motion for Partial Summary Judgment of No Willful Infringement (Dkt. 80) and deny-in-part Plaintiff's *Daubert* motion to exclude the testimony of Defendants' technical expert, Dr. Avi Rubin (Dkt. 81). The Court should overrule Plaintiff's objections to the R&R and adopt the Magistrate's recommendations regarding Defendants' Motion for Partial Summary Judgment of No Willful Infringement and Plaintiff's *Daubert* motion.

## I.    RESPONSES TO PLAINTIFF'S OBJECTIONS TO THE R&R

### A.    The Magistrate Judge Correctly Ruled That Defendants' Motion for Partial Summary Judgment No Willful Infringement Should Be Granted (Dkt. 80)

Plaintiff offers three objections to the R&R's recommendation to grant Defendants' Motion for Partial Summary Judgment of No Willful Infringement: (1) that the R&R legally erred by applying the wrong burden of proof; (2) that the R&R erred by "bootstrapping" Ticketmaster's current litigation defense; and (3) that there was sufficient evidence for a jury to find willfulness. None of these objections is supported by the record or governing law.

Regarding (1), Plaintiff makes far too much of a comment from the Court regarding the burden of proof for willfulness. In fact, the quote featured at the start of Plaintiff's brief makes clear that the burden of proof was not outcome determinative and that Plaintiff's attempt to proffer evidence on willfulness was so fundamentally deficient that it fails under any standard. (Hr'g. Tr.

---

[1] This response is being filed on or before April 11, 2023, in compliance with Fed. R. Civ. P. 72(b)(2).

1

at 124:24–125:11.) Indeed, Judge Gilliland's conclusions are drawn directly from the record, and go hand in glove with the lack of record evidence supporting Plaintiff's arguments. As is clear from Plaintiff's briefing and its argument to Judge Gilliland, it failed to identify ***any*** evidence of deliberate and intentional infringement by Defendants, thus confirming that there is no evidence on which a jury could base a finding of willfulness under any standard. (*See also* Dkt. 166 at § III.E.)

Regarding (3), Plaintiff pointed to evidence of pre-suit ***knowledge*** of the '720 Patent, but nowhere offered evidence of ***deliberate and intentional infringement*** by Defendants, only attorney argument. Regardless of the burden of proof, *Halo* makes clear that willfulness requires evidence showing such deliberate and intentional infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016).[2] Moreover, Judge Gilliland considered the cases relied upon by Plaintiff, notably asking Plaintiff's counsel for the specific citation to the *SRI* case that it had identified as the one it believed to be most analogous to the present case. (Hr'g. Tr. at 121:20–122:1 ("THE COURT: To get clarification[, ]what were you just quoting from on those factors? MR. LEICHTMAN: From the *SRI* decision from 2021, 14 F.4th 1323) (cleaned up).) Having considered the record evidence and authority cited by Plaintiff, the Court rightly concluded that no reasonable jury could find that Defendants deliberately and intentionally infringed on a record only evidencing knowledge, regardless of whether the standard of proof is clear and convincing or preponderance of the evidence. (*See* Dkt. 166 at § III.E.)

Plaintiff's objections continue in the same vein: more attorney argument but no actual evidence. Indeed, Plaintiff's total reliance on attorney argument is symbolized by its decision to

---

[2] Importantly, Plaintiff does not dispute that *Halo* is the appropriate standard. (*See, e.g.*, Dkt. 166 at 11.)

begin and end its objections by misrepresenting to the Court that Ticketmaster's counsel "admitted that a jury could find willfulness here." (GEE Objs. at 4–5, 10.) This claim is, of course, absurd on its face. The context of the quote is clear that Ticketmaster's counsel was making the same point that the Court ultimately did in granting the motion—that Plaintiff's attorney argument about the nature of Ticketmaster's outside counsel's (Mr. Franklin) opinion in 2014 has no bearing on whether the alleged infringement was deliberate and intentional for the purposes of the willfulness determination.

The Court should disregard Plaintiff's attorney arguments, some of which present new spins on old evidence,[3] asserting why Defendants' pre-suit knowledge of the '720 Patent should nevertheless be considered as evidence of deliberate and intentional infringement. (GEE Objs. at 5–11.) As an EDTX Court noted in overruling objections to a Report and Recommendation, attorney argument about isolated pieces of evidence is legally insufficient to raise a fact dispute:

> [Plaintiff's] objections do not point to any evidence creating a factual dispute that the Magistrate Judge missed. Instead, [Plaintiff] casts aspersions on the evidence in the record. . . Each of these objections is misplaced; [Plaintiff] cannot create a factual dispute by using attorney argument to question isolated pieces of evidence.

*FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 2:19-cv-00023-RWS-RSP, 2020 WL 948022, at *4 (E.D. Tex. Feb. 27, 2020).

Such is the case here. Plaintiff mischaracterizes isolated pieces of evidence in attempt to manufacture a factual dispute where none exists. For example,

---

[3] New arguments are untimely and should be disregarded. *SCVNGR, Inc. v. DailyGobble, Inc.*, No. 6:15cv493, 2018 WL 6589925, at *1 (E.D. Tex. Dec. 12, 2018) ("It is not appropriate to submit new evidence or to raise new arguments for the first time in written objections to a Report and Recommendation for review by the district judge absent compelling reasons.") (citing *Freeman v. County of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998)).

3

Plaintiff, however, spins this into a fiction: Ticketmaster was instructed to "(a) remain anonymous; and (b) wait for GEE to sue for infringement, because maybe they will not be able to afford a patent litigation and will just go away." (GEE Objs. at 6.) It then claims that "[a] jury is more than entitled to find that is not the way a responsible corporate citizen should act." (*Id.*) This is pure, fanciful attorney argument with no basis in fact, as the Court rightly recognized. Plaintiff's remaining arguments about the sufficiency of Mr. Franklin's 2014 opinion are more of the same. (*See id.* at 6–8.)

Plaintiff goes on to reiterate its argument that this case "fit[s] precisely the fact pattern of *Arctic Cat*" and misrepresents that Defendants have only distinguished *Arctic Cat* on the basis that the "in-house technical patent agent [in *Arctic Cat*] was not a lawyer." (GEE Objs. at 8, 10 citing *Arctic Cat Inc. v. Bombardier Recreational Prod., Inc.*, No. 0:14-cv-62369-BB, 2016 WL 3948052, at *4 (S.D. Fla. May 31, 2016).) This is easily disproven. In fact, during the March 13, 2023 hearing, Defendants' counsel discussed four fundamental differences at length:



4

(*See* Hr'g. Tr. at 102:15–104:17 citing slide 21.) During that discussion, the Magistrate Judge noted a fifth key difference between *Arctic Cat* and the current case:

> **THE COURT: And remind me, in *Arctic Cat*, was there an accusation of infringement?**
>
> MR. SCHERKENBACH: Yes.
>
> **THE COURT: And in this – I mean, at least from what I can recall, there's been no accusation of infringement [at any point?]**
>
> MR. SCHERKENBACH: No accusation.

(Hr'g Tr. at 103:17–104:2; *see also* 125:4–11 (noting there were "no allegations of infringement" in deciding to grant Defendants' motion.) *Arctic Cat* thus is plainly inapposite for a multitude of reasons.

With regard to (2)—the contention that the R&R erred by "bootstrapping" Ticketmaster's current litigation defense—it is unclear what Plaintiff even means by this. To the extent that it is a reference to the Court's observation that Mr. Franklin's 2014 conclusion was the same as trial counsel's non-infringement defense, this is simply an undisputed fact. Contrary to Plaintiff's insinuation, however, the Court did not "rel[y] on Ticketmaster's current non-infringement defense in support of Ticketmaster's purported subject [sic] belief when it became aware of the GEE '720 Patent in 2014." (GEE Objs. at 9.) It merely noted that Defendants' non-infringement position has been consistent over time, which tends to prove that Mr. Franklin's 2014 conclusion was, in fact, a competent opinion.

Ultimately, Plaintiff identifies no evidence creating an issue of fact about whether Ticketmaster acted deliberately and intentionally, only attorney argument. (GEE Objs. at 6, 8.) Accordingly, the Court should overrule Plaintiff's objections to the R&R, and grant Defendants' motion for partial summary judgment of no willful infringement.

5

### B. The Magistrate Judge Correctly Recommended That Dr. Rubin's Opinions Should Not Be Excluded (Dkt. 81)

The Court should overrule Plaintiff's objections to the R&R's recommendation to deny-in-part Plaintiff's *Daubert* motion seeking to exclude certain opinions of Defendants' technical expert, Dr. Rubin. The Magistrate Judge correctly found that Dr. Rubin's opinions regarding the Just Arrive and Admission Control prior art systems were not improper and that Plaintiff's criticisms "go[] more towards the weight, I think, than the admissibility." (Hr'g. Tr. 140:24–25.)

Plaintiff's objection "largely rehashes its original motion," identifying no legal error or overlooked evidence. *FireBlok IP*, 2020 WL 948022, at *2. For example, citing its briefing, Plaintiff contends that it "identified three specific instances where Dr. Rubin offered purely speculative opinions based on his experience as an expert" and that "Defendants never refuted that these opinions were purely speculative or improperly relied on Dr. Rubin's subjective determinations." (GEE Objs. at 11–12.) Again referencing its briefing, Plaintiff argues that it "identified repeated instances where Dr. Rubin offered opinions that improperly conflated purported features from various documents and alleged prototypes," which "Defendants failed to refute." (*Id*. at 12.) Plaintiff's claim that these characterizations went unrebutted is simply false. In fact, Defendants devoted an entire section of their Opposition and the bulk of their oral argument to this gross distortion of the record. (*See* Dkt. 100 at 3–6; *see also* Hr'g Tr., at 131:21–137:1.)

More generally, the core problem with Plaintiff's argument is and continues to be that it tries to force a square peg into a round hole. Namely, Plaintiff cannot identify a methodological error that implicates the Court's gatekeeping function, it just disagrees with the conclusions Dr. Rubin draws from the evidence. Those opinions are based on Dr. Rubin's review of the voluminous documentary and testimonial record describing the Just Arrive and Admission Control prior art systems as set forth in his expert report. (Dkt. 100 at 2–3). The Magistrate rightly concluded that

6

the appropriate mechanism for Plaintiff to question Dr. Rubin's opinions is not *Daubert*, but through cross-examination at trial. *See generally Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993). Accordingly, the Court should overrule Plaintiff's objections and adopt the Magistrate Judge's recommendation to deny Plaintiff's *Daubert* motion of Dr. Rubin (Dkt. 81).

## II.   CONCLUSION

For the foregoing reasons, the Court should overrule Plaintiff's objections to the Magistrate Judge's Order and Reports and Recommendations.

███████████████████████████

Dated: April 11, 2023  Respectfully submitted,

By: */s/ Michael R. Ellis*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Ricardo J. Bonilla
Texas Bar No. 24082704
bonilla@fr.com
Michael R. Ellis
ellis@fr.com
Texas Bar No. 24102726
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 – Telephone
(214) 747-2091 – Facsimile

Frank E. Scherkenbach (*pro hac vice*)
Massachusetts Bar No. 653819
scherkenbach@fr.com
FISH & RICHARDSON
1 Marina Park Drive
Boston, MA 02210
(214) 747-5070 – Telephone
(617) 542-8906 – Facsimile

Joshua H. Park
Texas Bar No. 24121766
jpark@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
(713) 654-5300 – Telephone
(713) 652-0109 – Facsimile

***Counsel for Defendants***
***Ticketmaster L.L.C. and***
***Live Nation Worldwide, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 11, 2023, the foregoing document was filed electronically under seal in compliance with Local Rule CV-5(a) and was served to counsel of record via electronic mail pursuant to Local Rule CV-5.2(e).

*/s/ Michael R. Ellis*
Michael R. Ellis
