**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **GLOBAL ETICKET EXCHANGE LTD.,** | ) | |
| | ) | |
| | ) | **Case No. 6:21-cv-00399-ADA** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **TICKETMASTER L.L.C., AND** | ) | |
| **LIVE NATION WORLDWIDE, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' OBJECTIONS TO**
**REPORT AND RECOMMENDATIONS OF THE U.S. MAGISTRATE JUDGE**

## TABLE OF CONTENTS

I.    LEGAL STANDARD ............................................................................................. 1

II.   RESPONSES TO TM'S OBJECTIONS TO THE R&R .................................... 2

   A.   THE COURT SHOULD OVERRULE DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
   DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY PURSUANT TO 35
   U.S.C. § 101 ............................................................................................................... 2

   B.   THE COURT SHOULD OVERRULE DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
   DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT ............ 5

   C.   THE COURT SHOULD OVERRULE DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
   DENIAL OF DEFENDANTS' MOTION TO STRIKE OPINIONS IN DR. MALEK'S INFRINGEMENT
   REPORT ..................................................................................................................... 7

   D.   THE COURT SHOULD OVERRULE DEFENDANTS' OBJECTIONS TO THE DAUBERT MOTION AS
   TO JOHN BONE'S ROYALTY INDICATORS ........................................................................ 8

   E.   THE COURT SHOULD DECLINE TO 'CLARIFY' THE MAGISTRATE'S ERROR REGARDING THE
   BURDEN OF PROOF ON WILLFULNESS AND INSTEAD THE COURT SHOULD SUSTAIN THE OBJECTION
   FILED BY PLAINTIFF. ................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Apple Inc, v. Wi-Lan Inc.*,
   25 F.4th 960 (Fed. Cir. 2022) ................................................................. 12

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
   827 F.3d 1341 (Fed. Cir. 2016) ................................................................. 3

*Battle v. U.S. Parole Comm'n*,
   834 F.2d 419 (5th Cir. 1987) ..................................................................... 1

*Bytemark, Inc. v. Masabi Ltd.*,
   2018 WL 7272023 (E.D. Tex. Nov. 26, 2018) ........................................... 5

*Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016) .............................................................. 2, 4

*Jiaxing Super Lighting Elec. Appliance Co. v. CH Lighting Tech. Co.*,
   No. 6:20-CV-00018-ADA, 2023 U.S Dist. LEXIS 3840 (W. D. Tex. Mar. 8, 2023) ............... 13

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
   837 F.3d 1299 (Fed. Cir. 2016) ................................................................. 2

*ROY-G-BIV Corp. v. ABB, Ltd.*,
   63 F.Supp.3d 690 (E.D. Tex. 2014) .......................................................... 7

*Smart Systems Innovations v. Chicago Transit Authority*,
   873 F.3d 1364 (Fed. Cir. 2017) ................................................................. 4

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
   14 F.4th 1323 (Fed. Cir. 2021). ......................................................... 13, 14

*SRI Int'l, Inc. v. Cisco Sys. Inc.*,
   930 F.3d 1295 (Fed. Cir. 2019) ................................................................. 3

*WCM Industries, Inc. v. IPS Corp.*,
   721 Fed. Appx. 959 (Fed. Cir. 2018) ...................................................... 14

**Other Authorities**

28 U.S.C. § 636(b)(1)(C ............................................................................. 1

Fed. R. Civ. P. 72(a); ................................................................................. 1

Fed. R. Civ. P. 72(b)(2). ........................................................................................................ 1

Fed. R. Civ. P. 72(b)(3) ......................................................................................................... 1

L. R. App. C, R. 4(a) .............................................................................................................. 1

**PLAINTIFF'S RESPONSES TO DEFENDANTS' OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72(a) and Rule 4(a) of Appendix C to the Local Rules, Plaintiff respectfully responds to Defendants' objections (Dkt. 166, the "Objections") to Magistrate Judge Gilliland's Orders (Dkt. 161, the "R&R"), which recommended rulings on various pre-trial motions as detailed below. Judge Gilliland held a hearing on March 13, 2023, and on March 15, 2023, issued his recommendations by written order (Dkt. 161), deferring explanations for his reasoning to the transcript of the March 13, 2023, hearing ("Hearing Tr." Dkt. 164). Defendants' filed objections on March 27, 2023. This response is being filed on or before April 10, 2023 in compliance with Fed. R. Civ. P. 72(b)(2).

## I.    LEGAL STANDARD

A district court makes a *de novo* determination of those portions of the magistrate judge's report and recommendations on dispositive motions to which a timely objection is made.[1] Federal Rule of Civil Procedure 72(a) and Rule 4(a) of Appendix C to the Local Rules each require the district court to "modify or set aside" any part of a magistrate judge's order on nondispositive motions that is clearly erroneous or contrary to law.[2]  However, objections must specifically identify those findings or recommendations to which they object, and the District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[1] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

[2] Fed. R. Civ. P. 72(a); L. R. App. C, R. 4(a).

## II.     RESPONSES TO TM'S OBJECTIONS TO THE R&R

### A.  *The Court Should Overrule Defendants' Objections To The Magistrate Judge's Denial Of Defendants' Motion For Summary Judgment Of Invalidity Pursuant To 35 U.S.C. § 101*

The Magistrate Judge's recommendation to deny Defendants' motion for summary judgment of invalidity based on § 101 was correct for the reasons set forth in Plaintiff's Opposition (Dkt. 108), and at the March 13, 2023 Initial Pretrial Conference hearing (Dkt. 164, Hearing Tr. 20:3-36:19).  Those arguments are incorporated herein by reference.

The Magistrate Judge correctly determined that the '720 Patent claimed invention covers patent eligible subject matter under step 1 of the *Alice* § 101 analysis.  (Dkt. 164, Hearing Tr. 42). The Magistrate Judge rejected Defendants' mischaracterization of the '720 Patent claimed invention as directed to an abstract idea of "selling, exchanging, and redeeming tickets." Consistent with Federal Circuit decisions, the Magistrate Judge concluded that Defendants' proposed abstract idea is an improper "oversimplification" of the claims.  *Id.  See also*, *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016) ("[C]ourts 'must be careful to avoid oversimplifying the claims' by … failing to account for the specific requirements of the claims."); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed. Cir. 2016) (Courts must avoid "describing the claims at such a high level of abstraction … untethered from the language of the claim.").

The '720 Patent claim limitations define a new and inventive electronic ticketing system having a specific integrated network architecture and particular token technology.  As set forth in Plaintiff's opposition and explained at the hearing, the claim limitations recite a unique integrated network architecture having a "patron interface," "database," "trading system," "payment system" and "entry system."  The claim limitations further recite a particular "token" technology on the

"database" for establishing the electronic ticket ownership rights in connection with (1) the purchase of the electronic ticket via the "patron interface," (2) the transfer of the electronic ticket via the "trading system" and (3) the verification of the electronic ticket ownership rights using "identifying information" associated with the "token" via the "entry system."   Defendants' oversimplified characterization merely repeated the '720 Patent claim preamble language, and ignored these claim limitations specifying the inventive integrated network system architecture and token technology.

Relevant Federal Circuit analogous cases support the Magistrate Judge's recommendation that the '720 Patent claimed invention covers patent eligible subject matter.  In *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016), the court held that a network system having customized filtering tools associated with individual computers stored on a network database was a patent eligible invention which provided improved system integrity. Similarly, the '720 Patent invention covers a network system having tokens associated with unique identifying information about customers stored on a network database to provide improved system integrity.  In *SRI Int'l, Inc. v. Cisco Sys. Inc.*, 930 F.3d 1295 (Fed. Cir. 2019), the court held that a specific technique to detect threats for a network system was a patent eligible invention because it improved network security.   Likewise, the '720 Patent invention includes a specific token technology for establishing authentic electronic ticket ownership rights to provide improved network system security and prevent fraud, among other technical and economic benefits.

Defendants' objection merely repeats and highlights the same flawed arguments provided in their briefs and presented to the Magistrate Judge at the hearing.  Defendants only offered superficial arguments that the '720 Patent claims cover "generic" or "agnostic" components and ignored the specific integrated network system architecture and token technology expressly recited

3

in the claim limitations.  Defendants' reliance on the *Smart Systems Innovations* and *Bytemark* cases is equally superficial.  Neither are remotely analogous to the '720 patent claimed inventions. Defendants ostensibly cited these cases because they involve a "token." However, the "tokens" referenced in *Smart Systems* and *Bytemark* bear no resemblance to the '720 Patented invention token technology.  *Smart Systems'* reference to "token" was in the context of a "token or coin" used for mass transit fare.  *Bytemark* involved a conventional token exchange for authentication. Other than its tangential reference to a token exchange, *Bytemark* is the antithesis of technology. It was directed to the use of a simple human-readable graphic display instead of a barcode.

Defendants' argument that the Magistrate Judge's erroneously relied on Judge Linn's dissent in the *Smart Systems Innovations* case as binding authority is misplaced.  The Magistrate Judge simply noted that Judge Linn's dissent articulated the well-established principle that, in determining the "character as a whole" of the challenged claims as required by the first step in *Alice*, the court should not engage in the "overly reductionist exercise" of oversimplification "untethered from the language of the claims."  *Smart Systems Innovations v. Chicago Transit Authority*, 873 F.3d 1364, 1378 (Fed. Cir. 2017) (quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed. Cir. 2016)).  As discussed above, the Magistrate Judge correctly rejected Defendants' characterization of the '720 Patent invention as an improper "oversimplification."

Contrary to Defendants' assertion, the Magistrate Judge correctly stated that "we do not have the reaffirming prosecution history like the *Bytemark* case did where the patent had actually been rejected at least once under *Alice*." (Hearing Tr. 42).  In the *Bytemark* case, the claims subject to the § 101 rejection during patent prosecution included: (a) claim 17 which recited "[a] system comprised of a website adapted to perform any of the methods of Claims 1-16," and (b) claim 18 which recited "[a] computer readable medium containing computer program code that when run

causes the performance of any of the methods of Claims 1-16." *Bytemark, Inc. v. Masabi Ltd.*, 2018 WL 7272023 at *11 (E.D. Tex. Nov. 26, 2018). "The applicant overcame this rejection by amending the claims to recite hardware components and a 'non-transitory' computer readable medium." *Id*. at *11. The district court in *Bytemark* determined that these amendments amounted to "essentially reciting nothing more than 'perform[ing] the method on a computer,' … and suggest[ing] that the focus of the invention is an abstract idea 'for which computers are invoked merely as a tool.'" *Id*. at *21. The court in *Bytemark* also noted that continuation applications having "claims that arguably include greater technical detail" than those in the patent-in-suite were "rejected by the Patent Office under more recent § 101 precedent." *Id*. at *22.

Neither of the circumstances referenced by the district court with regard to the *Bytemark* application prosecution history apply here. The '720 Patent claims were not amended in response to a § 101 rejection to convert them from bare system or computer code claims directed to performing claimed methods. In addition, the claims of the child application to the '720 patent subject to the § 101 rejection did not have "greater technical detail" than the '720 patent claims. Accordingly Defendants' objections should be overruled.

### B. The Court Should Overrule Defendants' Objections To The Magistrate Judge's Denial Of Defendants' Motion For Summary Judgment Of Noninfringement

The Magistrate Judge's recommendation to deny Defendants' motion for summary judgment of noninfringement was correct for the reasons set forth in Plaintiff's Opposition (Dkt. 109), and at the March 13, 2023 Initial Pretrial Conference hearing (Dkt. 164, Hearing Tr. 58:11-64:24). Those arguments are incorporated herein by reference.

The Magistrate Judge correctly rejected both iterations of Defendants' █████████████ proposed claim construction and related non-infringement arguments. Defendants' first iteration presented in their Opening Brief was nothing more than a strawman argument based on a

misrepresentation of Plaintiff's infringement allegations.    Defendants misrepresented that Plaintiff's expert, Dr. Malek, opined ███████████████████████████████████ ████████████████████████████████████████████████████ (Dkt. 82 at 9-11). ████████████████████████████████████████ ████████████████████████████████████████████████████

(*Id*. at 12-15).  The arguments presented in Plaintiff's Opposition and at the hearing exposed the defects in Defendants' argument by correctly restating the bases for Dr. Malek's infringement opinions. █████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████ (Dkt. 109 at 12-13). ██████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████ Specifically, the claim language expressly states that the "association of the token" with the "identifying information" changes when the electronic ticket is transferred or resold from one customer to another customer.  (*Id*. at 9).

Defendants then reverted to their second iteration of their ██████████████ non-infringement argument in their Reply Brief.  (Dkt. 125). ██████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

████████████████████████████████████████ (Dkt. 125 at 4).  At the hearing, Plaintiff pointed

out that Defendants' second iteration of their ████████████ proposed construction and non-

infringement argument was also defective because the claim language does not recite a ████████

█████████████████████████████████████████████████████████

██████████████████████████████████████ (Dkt. 164, Hearing Tr. 58:15-17).

Instead, the asserted claims specify that the "association of the token" is transferred from the

"identifying information" of one customer to the "identifying information" of another customer

when the electronic ticket is resold or transferred.

The Magistrate Judge correctly denied Defendants' motion for summary judgment of non-

infringement on the grounds that there is a genuine issue of material fact for the jury with regard

to the "token" in the accused systems and methods.  The Magistrate Judge also reiterated that this

genuine issue of material fact must be applied in the context of the plain and ordinary meaning of

the term "token" as recited in the asserted claims.  Accordingly, the objections should be overruled.

### C.   The Court Should Overrule Defendants' Objections To The Magistrate Judge's Denial Of Defendants' Motion To Strike Opinions In Dr. Malek's Infringement Report

The Magistrate Judge's recommendation to deny Defendants' motion to strike opinions in

Dr. Malek's infringement report was correct for the reasons set forth in Plaintiff's Opposition (Dkt.

107), and at the March 13, 2023 Initial Pretrial Conference hearing (Dkt. 164, Hearing Tr. 82:13-

87:3).  Those arguments are incorporated herein by reference.

As set forth in Plaintiff's opposition, Defendants improperly conflated the purpose and

scope of Plaintiff's infringement contentions and Dr. Malek's infringement opinions.  "The scope

of infringement contentions and expert reports are not, however, coextensive."  *ROY-G-BIV Corp.*

*v. ABB, Ltd.*, 63 F.Supp.3d 690, 699 (E.D. Tex. 2014) (denying Defendant's motion to strike

portions of expert report containing expanded infringement theories). 

In addition, the identification of the ▮▮▮▮▮▮▮▮▮▮▮▮. (Dkt. 107 at 4-5).

The Magistrate Judge correctly rejected Defendants' motion to strike opinions of Dr. Malek finding that (1) Plaintiff's infringement contentions disclosed sufficient information to provide Defendants with notice of the issues for discovery, and (2) ▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 164, Tr. 89-90). The objection should be thus be overruled.

### D. The Court Should Overrule Defendants' Objections to the Daubert Motion as to John Bone's Royalty Indicators

As set forth in Plaintiff's opposition to Defendants' *Daubert* motion and the exhibits to both parties' papers,[3] Defendants' efforts to "cherry pick" several items from Mr. Bone's 98-page report (the "Bone Report") do not rise to the level of exclusion but only go to the weight of the evidence. Mr. Bone properly considered evidence – mostly from Ticketmaster's own documents

---

[3] (*See* Dkts. 103, 84-1, 84-4:84-7, 84-9:84-12, 103-2:103-11).

████████████████████████████████████████████████████   ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████   █████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Importantly, Mr. Bone did nothing different than has been approved by several courts who have considered *Daubert* or post-trial motions relating to his testimony in other cases.

Defendants' Objections do not meet the standard for overruling the R&R as they are merely conclusory and do not raise any issues that the R&R overlooked.  Indeed, the Objections are so vague that it is not even possible from the Objections to determine which documents Mr. Bone relied on that Defendants are even talking about.

As to the substance of the Objections, Defendants provide only three bullet points, with no explanation as to why those issues raise exclusion issues concerning methodology, as opposed to issues going to weight.  Each are addressed below.

████████████████████████████████████████████████

████████   (Objections, Dkt. 166, at 9, first bullet point).  That is not true.   ████████████████

████████████████████████████████████████████   ███████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████ (*See* Dkt. 164, Hearing Tr. 152-160;

*see also* Bone Report, Dkt. 84-1, at 66-68, 75-85 and Ex. 5 thereto).  In any event, Mr. Bone's

analysis of that technical aspects of that agreement relies upon his discussions with Dr. Malek.

(*See* Bone Report, Dkt. 84-1, at 84-85).  Accordingly, Defendants' first bullet point should be

rejected.

Defendants' second bullet point refers to what it claims is "counting" of features.  ██

██████████████████████████████████████████████████████████████

██████████████████████████████████ (*See id.* at 89).  ████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████ █████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

(Bone Report, Dkt. 84-1, at 89-90, ¶ 161).  Thus, while Defendants may quibble with the number

and importance of the features chosen by Dr. Malek and Mr. Bone to emphasize, those objections

clearly go to weight within the *Georgia-Pacific* analysis and not to admissibility.

████████████████████████████████████████████████████████

████████████████████████████████████████████████. As explained in Plaintiff's

Opposition (Dkt. 103, at 4-7), that rule is a rule relating to over-inclusive royalty bases, but here,

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████   ██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

─────────────────────

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████   As discussed more fully in Plaintiff's Opposition, that is very

different from the cases relied on by Defendants in the motion which disapproved of using a "rule

of thumb" or "Nash bargaining solution" as arbitrary.   (Opposition, Dkt. 103, at 7 & 16).   Mr.

Bone, whose testimony has been approved by the Federal Circuit and multiple district courts, is

well aware of the impropriety of using an arbitrary theorem.   (*Id.*, *passim*). That is not what he did

here, and the R&R should be sustained.

The only patent case cited by Defendants in their Objections, *Apple Inc., v. Wi-Lan Inc.*, 25

F.4th 960 (Fed. Cir. 2022) is entirely inapposite.   There, the patentee's damages expert relied

exclusively on three portfolio patent licenses as comparable licenses (presumably under *Georgia-*

*Pacific* factor 1 or 2), of which the patents in suit were either not included or were among hundreds

of patents and never mentioned in negotiations.   (*Id.*, at 973-74).   Thus, the damages expert there

failed to perform a proper apportionment.

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████   (*Id.* at 973).   Moreover, this Court recently distinguished the *Wi-*

*Lan* case on similar grounds. *See Jiaxing Super Lighting Elec. Appliance Co. v. CH Lighting Tech. Co.*, No. 6:20-CV-00018-ADA, 2023 U.S Dist. LEXIS 3840, at *42-49 (W. D. Tex. Mar. 8, 2023) (in lengthy analysis, finding *Wi-Lan* case inapposite where the issue was not just the comparability of portfolio licenses under factors 1 or 2, but rather the expert testified about other of the *Georgia-Pacific* factors). Accordingly, Defendants' Objection to the R&R should be overruled.

### E.   The Court should decline to 'clarify' the Magistrate's error regarding the burden of proof on willfulness and instead the Court should sustain the objection filed by Plaintiff.

Defendants' request to "clarify" the R&R because Defendants acknowledge that the R&R erred in declaring that the burden of proof is "clear and convincing" evidence should be rejected. As set forth more fully in Plaintiff's Objections to the R&R (Dkt. 167) ("Plaintiff's Objections"), when viewed through the proper burden of proof – "preponderance of the evidence" – the R&R granting summary judgment of no willfulness cannot be sustained. The burden is not an "elevated" one, as Defendants claim and as set forth in the transcript providing the reasoning behind the R&R. (Hearing Tr. 124-125). That is true irrespective of the burden of proof. As explained in Plaintiff's Objections, the Federal Circuit has expressly stated that "we clarify that it was not our intent to create a heightened requirement for willful infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, at 1329-1330 (Fed. Cir. 2021).[5]

---

[5] In a footnote, Defendants misconstrue a comment made during oral argument, at pages 121:2-122:11 of the transcript. (Objection, Dkt. 166, at 11, n. 3). The reference to "they" in the phrase "they got slapped down a little bit in the *Halo* case" was not made in reference to the *SRI Int'l* case, which was decided five years after *Halo*. Instead, "they" is a reference to the Federal Circuit's restrictive rule from the *Seagate* case having being overruled in the *Halo* case. The reference to the *SRI Int'l* case precedes the discussion cited by Defendants in their brief by a full page and a half, and the ellipses used are thus highly misleading. The *SRI Int'l* case is mentioned at page 121, line 2. There is then a discussion for a full page of the jury instructions from the *SRI Int'l* case. But Defendants ellipse that entire discussion. A full, more accurate quote from the transcript shows the point being made in the latter part of the ellipses that Defendants references was that the three periods of time were distinct: pre-*Seagate* law, law between *Seagate* and 2016

Instead, as the jury instructions approved in *SRI Int'l* clarify, the words "deliberate and intentional" do not require direct proof, but instead require a review of the "totality of the circumstances." (*See* Plaintiff's Objections, Dkt. 167, at 4, setting out the five factors identified in that case, citing *SRI, Int'l* at 1327; *see also WCM Industries, Inc. v. IPS Corp.*, 721 Fed. Appx. 959, 970 (Fed. Cir. 2018) (noting the correct test requires the jury to hear the totality of the circumstances)). Plaintiff does not repeat here the facts and exhibits that it described in its opposition to Defendants' motion (Dkt. 105, 105:1-105:5; 149, 149:1-149-12; 151), at oral argument, and in Plaintiff's Objections to the R&R (Dkt. 167), setting forth various facts that meet the "totality of circumstances" test, but incorporates them by reference here as if fully set forth herein.

For the foregoing reasons, simply clarifying the burden of proof does not cure the R&R, and instead the R&R should be overruled and Plaintiff's objections to it should be sustained.


Dated: April 6, 2023                                    Respectfully submitted,

                                                        */s/ Robert K. Goethals*
                                                        Robert K. Goethals (*pro hac vice*)
                                                        David Leichtman (*pro hac vice*)
                                                        LEICHTMAN LAW PLLC
                                                        185 Madison Avenue, 15th Floor
                                                        New York, NY 10016
                                                        Phone: (212) 419-5210
                                                        rgoethals@leichtmanlaw.com
                                                        dleichtman@leichtmanlaw.com

                                                        Raymond W. Mort, III

---

before *Halo* was decided, and then 2021 when *SRI Int'l* was decided and the law was clarified: "You could, you know, look at Federal Circuit cases from all different periods of time. It's always been a totality of the circumstances test. Now, you know, they [the Federal Circuit] got slapped down a little bit in the *Halo* case saying, you know, you made it too high of a standard [in *Seagate*]. But then the *SRI* court goes on to say the jury found that Cisco had no reasonable basis to believe it did not infringe, or that it had a reasonable defense to infringement." (Hearing Tr. 122:4-11) (brackets added for proper context).

Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: 512-865-7950

*Attorneys for Plaintiff*
*Global eTicket Exchange Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via electronic mail on April 6, 2023.

*/s/ Devin L. Newman*
Devin L. Newman