# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| GLOBAL ETICKET EXCHANGE LTD., <br><br> Plaintiff, <br><br> v. <br><br> TICKETMASTER L.L.C., AND LIVE NATION WORLDWIDE, INC., <br><br> Defendants. | Case No. 6:21-cv-00399-ADA <br><br> JURY TRIAL DEMANDED |

## OMNIBUS PRETRIAL CONFERENCE ORDER

On April 21, 2023, the Court held a pre-trial conference in the above-captioned matter. ECF No. 183. The Court hereby memorializes its rulings in the below tables:

| Dkt. No. | Motion | Court's Order |
|---|---|---|
| 167 | Plaintiff's Objections to Magistrate Judge Gilliland's Report and Recommendations | **DENIED** |
| 166 | Defendants' Objections to the Magistrate Judge's Report and Recommendation | **DENIED** |
| March 31 Joint Letter to Judge Gilliland | Plaintiff's Request to Rely on the Malek Supplemental Expert Infringement Report | **DENIED** |
| 177 | Defendants' Objections to the Amended Expert Report of John R. Bone, CPA, CFF | **DENIED** |

## Motions *In Limine*

| MIL | Court's Ruling |
|---|---|
| Plaintiff's MIL #1: To exclude any testimony, argument or evidence rebutting Admission Control and Just Arrive alleged public use based on Dr. Rubin's anecdotal and subjective experience, his conclusory opinions or his restatements of the factual record | **DENIED** |
| Plaintiff's MIL #2: To exclude argument, evidence or testimony on any theory of | **DENIED** |

| | |
|---|---|
| invalidity based on isolated elements of patent claims allegedly found in prior art | |
| Plaintiff's MIL #3: To exclude Dr. Rubin's opinions based on, and to preclude Defendants' from presenting arguments or relying on U.S. Pat. Appl. Nos. 09/338,085 and 09/483,944 under 35 U.S.C. § 102(g) | **DENIED** |
| Plaintiff's MIL #4: To exclude any evidence, testimony, or arguments inconsistent with the Court's claim constructions | **Not a MIL.** Neither side will be allowed to make an argument or have a witness testify in a manner inconsistent with the Court's claim constructions. |
| Plaintiff's MIL #5: To preclude any fact witness from opining on non-infringement, invalidity, or willfulness | **DENIED**, but fact witnesses may not provide expert opinions on those three issues, and parties may object at trial. |
| Plaintiff's MIL #6: To preclude any use of Defendants' patents to assert invalidity, non-infringement or non-willfulness | **GRANTED** |
| Plaintiff's MIL #7: To preclude any argument, evidence or testimony regarding Defendants' alleged investigation or good faith belief of non-infringement or invalidity | Moot in view of the Order denying Plaintiff's Objections to Magistrate Judge Gilliland's Report and Recommendations (Dkt. No. 167) |
| Plaintiff's MIL #8: To preclude any argument or evidence regarding the cost of the litigation or how it is funded | **GRANTED** |
| Plaintiff's MIL #9: To exclude any argument, evidence testimony, or reference to Plaintiff as a non-practicing entity or patent troll | **GRANTED** as to precluding Defendant from referring to Plaintiff as a patent troll. Neither party will be permitted to make disparaging marks regarding or about the other.<br><br>**DENIED** as to precluding Defendant from using the term "non-practicing entity". |
| Plaintiff's MIL #10: To preclude any argument, evidence, testimony, or reference disparaging the USPTO or its examiners | Mooted by parties' agreement. |
| Plaintiff's MIL #11: To exclude unreliable testimony about the royalty base | **DENIED** |
| Defendants' MIL #1: Discovery disputes | **Not a MIL.** The parties shall not refer to discovery disputes in front of the jury, absent approaching the bench and receiving Court approval in advance. |
| Defendants' MIL #2: Undisclosed expert opinions | Scope of expert testimony limited to subject matter on which there was adequate notice in the opening expert report. But if the opposing |

| | |
|---|---|
| | party opens the door on cross, the expert can respond during cross or re-direct. In addition, if an opposing expert, in a rebuttal report, offered a specific criticism of an opinion contained in the opening expert report of the other party and thus had the last word on an issue where the other party has the burden of proof, the party with the burden can submit a reply report limited to those specific issues by 5:00 PM on Tuesday April 25, 2023. The other side may depose the expert on such issues before trial. |
| Defendants' MIL #3: Defendants' irrelevant financials | **GRANTED** with respect to bringing up Defendants' overall financial size.<br><br>**DENIED** as to financials included in the damages reports. |
| Defendants' MIL #4: The 2005-2007 acquisition inquiry | **GRANTED** as to any use in opening argument. Introduction at trial subject to Plaintiff's showing relevance to damages. |
| Defendants' MIL #5: Defendants' alleged monopoly and other negative characterizations | **GRANTED** as to anti-competitive behavior, characterizations of Defendants as monopolists or having a dominant market position, and as to hearsay statements heard by Plaintiff's fact witnesses.<br><br>**DENIED** as to Defendants' market share as described in the damages reports. |

## Other

**Calling adverse parties**. If a party calls the other party's fact witness adversely in their case in chief, the other party shall provide notice, the day before the witness is called to testify by the adverse party, as to whether it will limit its responsive examination of that witness to the subject matter of the adverse cross, and thus call the witness back, or instead will examine the witness on all subjects and not call the witness back later in the trial.

SIGNED this 25th day of April, 2023.

                                            ALAN D ALBRIGHT
                                            UNITED STATES DISTRICT JUDGE